[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this petition for a writ of habeas corpus alleging that the respondent has failed to credit him with proper pre-sentence jail time and has failed to give him statutory good time by the enhancement method of aggregating his CT Page 7303 sentences.
The petitioner was sentenced in Norwalk on July 7, 1994 to a sentence of 11 years suspended after five (5) years with five (5) years of probation. On this sentence he has received pre-sentence jail time credits for the period from his arrest to the date of his sentencing except for the period he had posted bond and was not held in lieu of bond from January 27, 1994 to April 4, 1994. On this sentence he has received and continues to receive statutory good time credits in accordance with General Statutes Section 18-9 for offenses committed before October 1, 1994.
Subsequently he was sentenced in Rockville for offenses committed after October 1, 1994 which by later modification is for a total effective sentence of four (4) years which had been made consecutive to the Norwalk sentence. The petitioner argues that the Rockville sentence should be aggregated with the Norwalk sentence to result in an enhanced application of the statutory good time as it was before October 1, 1994. However the statute does not provide for such enhancement for offenses committed after October 1, 1994. See General Statutes Section 18-100d.
The petitioner testified that on July 7, 1994 he had about 17 files which were disposed of in Norwalk. He recalls that his total effective sentence was eleven (11) years suspended after five (5) years with five (5) years probation.
Margo Dumkowski, Records Specialist II at Walker Reception Institute, testified that a review of the petitioner's time sheets reveals that he was arrested in Norwalk on January 27, 1994 while out on bond on CR-93-63784. He was held in confinement on the new charge but not on CR-93-63784 until he was arrested again on April 4, 1994 at which time he began to be held in lieu of bond on CR-93-63784. Then on July 7, 1994, he was sentenced on CR-93-63784 which became the controlling sentence to which other sentences became concurrent. The charge on January 27, 1994 for which he began serving pre-sentence time was nolled on July 7, 1994. Because on January 27, 1994, the petitioner was not confined in CR-93-63784 until April 4, 1994 he has not received pre-sentence credits for it because technically he was not held in lieu of bond on that charge.
Because of the error by counsel in failing to apply for a change of bond status in CR-93-63784 the parties herein agree that the petitioner should be credited for such pre-sentence time CT Page 7304 and credits by entering the attached Stipulation for Judgment which the court adopts as its judgment.
Therefore it is the judgment of the court to order the respondent to credit the petitioner with pre-sentence jail and credit time from January 27, 1994 until April 4, 1994 on CR-94-63784.
Thomas H. Corrigan Judge Trial Referee